IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RENEE SANDERS AND WAYNE SHEALY, | ) | Civil Action No. 3:05-300-CMC |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING |
| | ) | MOTION TO DISMISS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendant, the United States of America, to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt No. 10. The United States argues that it is immune from suit for the particular tort alleged, defamation, and that this immunity requires dismissal of the action even if the dismissal leaves Plaintiffs with no remedy.

Plaintiffs have responded arguing that remand, rather than dismissal, is the proper remedy. This argument turns on Plaintiffs' contention that the complained-of actions were undertaken by Defendant's employees, Robert I. Smith, II, and Douglas E. Burchett, while those employees were "acting fully outside the scope of their official capacities." Dkt No. 16 at 1. Two procedural facts are critical to this argument. First, the action was originally filed in state court solely against the two employees. Second, the United States was substituted as the sole Defendant and the matter was removed based on Defendant's filing of a Certification of Scope of Employment ("Certification").

Based on the above argument, Plaintiffs ask the court either to deny the motion outright or to allow discovery and further briefing. In the alternative, Plaintiffs request remand should the court determine that it lacks subject matter jurisdiction.[1]

---

[1] The basis for the latter request is unclear as Plaintiffs do not provide any authority for allowing remand in the event the court concludes that the United States was properly substituted.

The critical questions, therefore, are whether Defendant's Certification of Scope of Employment is subject to judicial review and, if so, the procedures to be followed in conducting the review. Neither party offers any authority directly on this point. What authority is cited by Defendant suggests the Certification must be treated as conclusive. *See* Dkt No. 10 at 3 (citing *Johnson v. Carter,* 983 F.2d 1316, 1323 (4th Cir. 1993) for the related proposition that "[t]he Fourth Circuit has recognized that the intentional tort exception frequently leaves plaintiffs without a remedy: 'application of the immunity is not affected by whether the injury was committed in good faith, negligently, or even intentionally'").

While the United States does not cite *Johnson* for the proposition that the Certification is conclusive, *Johnson* did so hold. *Johnson* was, however, overruled on this point as recognized by the Fourth Circuit in *Guiterrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148 (4th Cir. 1997). *See also Guiterrez v. Lamango,* 515 U.S. 417 (1995) (referring expressly to *Johnson* in reversing Fourth Circuit's earlier *Guiterrez* decision).[2]

In light of *Guitierrez*, this court concludes that limited discovery should be allowed as to whether Smith and Burchett were acting within the scope of their employment when they allegedly made defamatory statements. The parties shall confer and propose a discovery plan and schedule for this limited discovery. The parties shall also propose a schedule and procedures for resolution of the disputed issue, consistent with the procedures proposed in *Guiterrez de Martinez,* 111 F.3d at 1153-54, or such other authority as the parties may draw to the court's attention.

---

[2] It is somewhat troubling that Defendant did not draw to the court's attention the two above-cited *Guiterrez* decisions, either in its opening memorandum (as later history critical to the viability of *Johnson*), or on reply (in the context of addressing Plaintiffs' request for discovery). While the court assumes this was the result of oversight, it expects greater candor in the future.

2

Defendant's motion is, therefore, denied without prejudice to refiling at the conclusion of the limited discovery noted above.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 21, 2005

C:\temp\notesB0AA3C\05-300 sanders v us.wpd